## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CASE NUMBER_____

IN RE: PETITIONERS
Gladstone Robinson Junior;
Nailah Femi Bourne

        Petitioners,

v.

HON. ERIK R. KOMITEE,

        Respondent,



---

### PETITION FOR EXTRAORDINARY WRIT PURSUANT TO 102 STAT PL 100-702 §2072(a)(b); FEDERAL RULES OF APPELLATE PROCEDURE 21(c)

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT:

**COMES NOW**, Gladstone Robinson Junior, a Natural Person and Human Being, AND Nailah Femi Bourne, a Natural Person and Human Being, hereinafter, ("Petitioners"), acting in propria persona, and respectfully petition this Honorable Court for an **Extraordinary Writ** pursuant to **102 STAT PL 100-702 §2072(a)(b); Federal Rule of Appellate Procedure 21(c)**. This petition seeks immediate relief against Hon. Erik R. Komitee, who has acted in clear violation of their oath of office; the Constitution of the United States of America's Bill of Rights, and the Civil Rights Act of 1866 (14 Stat. 27).

### JURISDICTION

1. This Court has jurisdiction pursuant to **the All Writs Act (Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81)** and **FRAP Rule 21(c)**, which permits issuance of an extraordinary writ where necessary to ensure justice and to prevent irreparable harm.
2. The challenged acts of the Respondent occurred in the **United States District Court for the Eastern District of New York**, within the jurisdiction of this Honorable Court.
3. This petition is filed in accordance with **102 STAT PL 100-702 §2072(a)(b); Federal Rules of Appellate Procedure 21** and **Rules of the Second Circuit Court of Appeals**, ensuring compliance with all procedural requirements.

### RELIEF SOUGHT

1. Petitioners further request that all controversy between Petitioners and Respondent be stayed until a final outcome is determined with this writ and/or the Judicial Conduct claim(s).

1

2. Immediate relief is requested due to this being a **non-core matter** involving **equity rights and property rights.**
3. Petitioners further request that all cases attached to this writ be stayed until a final outcome is determined.
4. Petitioners request this Court to issue an **extraordinary writ** removing **Hon. Erik R. Komitee** from further proceedings in all matters between Petitioners and Respondent.
5. Declare that **Respondent** has violated their **oath of office** by failing to uphold the Constitution of the United States of America's Bill of Rights and the **Civil Rights Act of 1866 (14 Stat. 27).**
6. Order the **immediate reassignment** of this case to an impartial Article III judge.
7. Issue a **supersedeas order** to stay all proceedings between Petitioners and Respondent short of any hearings to correct the record, until Petitioners can be heard by an **appellate judge** and receive their **Seventh Amendment trial by jury.**
8. Grant any other relief the Court deems just and necessary.

## STATEMENT OF FACTS

1. Petitioners are financially disabled; have no personal income and cannot pay any fee for redress of grievances or to be heard, making the imposition of the $402 filing fee an unconstitutional barrier to access justice.
2. On **December 5, 2023**, Petitioners filed **Case No. 23-cv-08986** in the United States District Court for the Eastern District of New York(Exhibit 1).
3. At the time of filing, there was an **automatic stay in place** pursuant to PL 95-598, for **Case No. 23-43211** in the United States Bankruptcy Court for the Eastern District of New York, which was petitioned on **September 7, 2023.** As such, all orders and motions issued by the district court during the stay should NOT have been issued due to the existence of the automatic stay(Exhibit 2).
4. The final order issued on **February 6, 2024**, remanding and denying **Petitioner's**, violated the automatic stay and Petitioners' right to be heard and right to redress as protected by the Bill of Rights(Exhibit 1).
5. **Hon. Erik R. Komitee is a named defendant in Case Nos. 24-01093 and 24-01094,** currently pending in the United States Bankruptcy Court for the Eastern District of New York(Exhibit 3).
6. Additionally, the following cases in the United States District Court for the Eastern District of New York are in jeopardy due to the Respondent's conduct: **Case Nos. 23-cv-02245, 24-cv-07062, and 25-cv-01033.** As a result, relief should be granted to Petitioners due to his conflict of interest and bias in these cases.
7. 
   (Exhibit 4).
8. Petitioners are **non-U.S. citizens operating in their private capacity as trustees for their estates while defending their equitable interest in the public,** but are **American Nationals in the territory of New York,** where the controversy exists.

2

9. This petition was filed pursuant to **102 STAT PL 100-702 §2072(a)(b); FEDERAL RULES OF APPELLATE PROCEDURE 21(c);** Civil Rights Act of 1866 (14 Stat. 27).
10. Petitioners **did not explicitly consent** to an **Administrative Law Judge (ALJ) or Magistrate Judge** to adjudicate any of their cases.
11. The final order issued by the Respondent for case 23-cv-08986-EK-CLP **was not mailed** to the Petitioners violating **Federal Rule of Civil Procedure 77(d).** **Clerk of Court Brenna Mahoney** failed to mail the final order as required by law, further depriving Petitioners of their right to due process and timely appeal(Exhibit 1).
12. Respondent issued a motion in the Docket, **forcing Petitioners to pay a $402 filing fee,** which also violates **UCC 2-302** as an unconscionable contract, further demonstrating the invalidity of the imposed requirement. in order to be heard, and under duress, compelling Petitioners to complete an **in forma pauperis** form(Exhibit 1). This action:
    - Violated the **First Amendment,** as it imposed financial barriers on the right to petition the government for redress of grievances.
    - Violated the **Fifth Amendment,** as it conditioned access to justice upon forced disclosure of financial information, constituting self-incrimination.
    - Violated **102 STAT PL 100-702 §2072(a)(b).**
14. Respondent overstepped the authority of an **Article III judge** constituting an unconstitutional act of judicial overreach.
15. **Hon. Erik R. Komitee is biased pursuant to 62 Stat. § 144, § 453, § 454, and § 456** due to Petitioners suing him in another court case and should therefore be removed from this matter(23-cv-08986-EK-CLP).
16. **Hon. Erik R. Komitee is in violation of 102 STAT PL 100-702 §2072(a)(b); Public Law 97-258, § 3123,** by forcing Petitioners to pay an unconstitutional fee for redress of grievances and to be heard, when any public debt is the obligation of the **U.S. Secretary of the Treasury,** pursuant to **96 Stat. § 3123.** Due to these violations, he should be removed and all fees for redress voided(Exhibit 1).
17. **Petitioners need to compel the judge to uphold the Bill of Rights** pursuant to **76 Stat. § 1361; 102 STAT PL 100-702 §2072(a)(b).**

## AFFIRMATION

Pursuant to **62 Stat. § 1654,** Petitioners reserve the right to represent one another in these and any public or private proceedings.

We, Gladstone Robinson Junior and Nailah Femi Bourne, declare under God pursuant to 96 STAT, PL 97-280, that the foregoing is true and correct to the best of my knowledge and belief. We affirm that this petition is entered in good faith and not for any improper purpose.

Executed on this __3D__ day of __March__ , 20__25__

_by: Nailah Femi Bourne TTEE_
/S/ By:Nailah Femi Bourne, TTEE
_By: Gladstone Robinson Junior, TTEE_
/S/By: Gladstone Robinson Junior, TTEE

3

## CERTIFICATE OF SERVICE

We, Gladstone Robinson Junior and Nailah Femi Bourne, hereby certify that on this 20 day of March, 2025, a true and correct copy of the foregoing **Petition for Extraordinary Writ** was served upon the following parties:

1. Clerk of Court Catherine O'Hagan Wolfe for the Second Circuit of the United States Court of Appeals or their Agent by personal hand delivery at Thurgood Marshall United States Courthouse 40 Foley Square New York, New York 10007.
2. Hon. Erik R. Komitee for the United States District Court for the Eastern District of New York or their Agent by personal hand delivery at 225 Cadman Plaza East Brooklyn, NY 11201.

Executed on this 20 day of March, 2025

by: Nailah-Femi: Bourne, TTEE
/S/ By:Nailah Femi Bourne, TTEE
By: Gladstone i Ossolum prense TTEE
/S/ By: Gladstone Robinson Junior TTEE

## CONCLUSION

In the alternative, should this petition not meet all procedural requirements pursuant to **102 STAT PL 100-702 §2072(a)(b)**, Petitioners respectfully request this Honorable Court to grant a **stay of proceedings** until all necessary corrections can be made and this matter can be properly reviewed by an appellate judge.

WHEREFORE, Petitioners respectfully requests this Honorable Court to issue an **Extraordinary Writ** pursuant to **FRAP Rule 21(c)**, removing Hon. Erik R. Komitee from this and all proceedings between Petitioners and Respondent; issuing a **supersedeas order** to stay proceedings until Petitioners can be heard by an Article III Appellate Judge and/or receive a Seventh Amendment trial by jury on all public controversies, and granting any further relief deemed appropriate.

Respectfully entered,

/S/ By:Nailah Femi Bourne, TTEE
/S/ By: Gladstone Robinson Junior, TTEE
929-428-9981
TeachingPRNCPLS@gmail.com

4

# EXHIBIT 1

**IN RE:**

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, PETITION FOR EXTRAORDINARY WRIT PURSUANT TO 102 STAT PL 100-702 §2072(a)(b); FEDERAL RULES OF APPELLATE PROCEDURE 21(c)**

1

Eastern District of New York - LIVE Database 1.8 (Revision 1.8.1)          https://nyed-ecf.sso.dcn/cgi-bin/DktRpt.pl?154949991764514-L_1_0-1

CLOSED,DJI,NPROSE

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:23-cv-08986-EK-CLP

Robinson Jr et al v. New York City Police Department et al          Date Filed: 12/06/2023
Assigned to: Judge Eric R. Komitee                                 Date Terminated: 02/06/2024
Referred to: Magistrate Judge Cheryl L. Pollak                     Jury Demand: None
other Case: 1:23-cv-02245-EK-CLP                                   Nature of Suit: 550 Prisoner: Civil Rights
related Cases: 1:25-cv-01033-EK                                    Jurisdiction: Federal Question
              1:24-cv-07062-EK
Cause: 28:1441 Petition for Removal- Civil Rights Act

**Plaintiff**

**Gladstone Robinson Jr.**

**Plaintiff**

**Nailah Femi Bourne**                               represented by **Nailah Femi Bourne**
                                                    125 Beverly Avenue
                                                    Staten Island, NY 10301
                                                    PRO SE

V.

**Defendant**

**New York City Police Department**

**Defendant**

**The City of New York**

**Defendant**

**Richmond County District Attorney's Office**

**Defendant**

**New York State Unified Courts System**

**Defendant**

**NYC Sheriff**

**Defendant**

**NYC Department of Finace**

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 12/05/2023 | 2 | MOTION for Leave to Proceed in forma pauperis by Gladestone Robinson Jr. (Entered: 12/07/2023) |
|---|---|---|
| 12/06/2023 | 1 | COMPLAINT against NYC Department of Finace, NYC Sheriff, New York State Unified Courts System, New York City Police Department, Richmond County District Attorney's Office, Gladestone Robinson Jr, The City of New York, filed by Nailah Femi Bourne. (Attachments: # 1 Civil Cover Sheet) (CV) (Entered: 12/07/2023) |
| 12/06/2023 | 3 | Clerk's Notice Re: Consent. A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.The form may also be accessed at the following link: https://img.nyed.uscourts.gov/files/forms/MJConsentForm.pdf (CV) (Entered: 12/07/2023) |
| 01/05/2024 | 4 | EXHIBITS 1-6 filed by Pro Se Plaintiff Gladestone Robinson Jr. (ENE) (Entered: 01/08/2024) |
| 02/05/2024 | 5 | ATTESTATION of Service, filed by Gladestone Robinson Jr. (ENE) (Entered: 02/05/2024) |
| 02/06/2024 | | ORDER denying 2 Motion for Leave to Proceed in forma pauperis; Order of Remand to Richmond County Criminal Court, case number CASE NO. CR-003049-23RI: CASE NO. CR-0Q6821-23RI: CASE NO. CR-006807-23RI -- The Clerk of Court is directed to mail a copy of this order to Defendant, noting service on the docket. Because removal of this action is improper, the Court remands this action, under 28 U.S.C. § 1455(b)(4), to the Richmond County Criminal Court. The Clerk of Court is further directed to mail a copy of this order to the clerk of the Richmond County Criminal Court at 26 Central Ave., Staten Island, NY 10301, and to close this action. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Ordered by Judge Eric R. Komitee on 2/6/2024. (APJ) (Entered: 02/06/2024) |
| 03/29/2024 | 6 | EXHIBIT 1-2 by Gladestone Robinson Jr. (ENE) (Entered: 03/29/2024) |

# EXHIBIT 2

IN RE:

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, PETITION**

**FOR EXTRAORDINARY WRIT PURSUANT TO 102 STAT PL 100-702 §2072(a)(b);**

**FEDERAL RULES OF APPELLATE PROCEDURE 21(c)**

United States Bankruptcy Court
Eastern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under
Chapter 7 of the United States Bankruptcy Code, entered on 09/07/2023 at
3:28 PM and filed on 09/07/2023 at 1:08 PM .

**Nailah Bourne**
125 Beverly Avenue
Staten Island, NY 10301
SSN / ITIN: xxx-xx-5643
*dba* **BOURNE INTELLIGENT**
*dba* **BOURNE INTELLIGENT PSLLC**
*aka* **NAILAH FEMI BOURNE**
*aka* **NAILAH FEMI BOURNE UNMARRIED WOMAN**

**Gladstone Junior Robinson**
125 Beverly Avenue
Staten Island, NY 10301
SSN / ITIN: xxx-xx-1219
*dba* **GLADSTONE FISCAL PLANNING LLC**
*dba* **GLADSTONE FINANCIAL SERVICES LLC**
*aka* **GLADSTONE ROBINSON, Jr.**
*aka* **GLADSTONE ROBINSON**
*aka* **ROBINSON JR GLADSTONE**

The bankruptcy trustee is:

**David J. Doyaga**
David J. Doyaga, Trustee
26 Court Street
Suite 1803
Brooklyn, NY 11242
718-488-7500

The case was assigned case number 1-23-43211-nhl to Judge Nancy Hershey Lord.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and
the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can
request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy
Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home
page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Robert A. Gavin, Jr.**
**Clerk, U.S. Bankruptcy Court**

# **EXHIBIT 3**

IN RE:

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, PETITION
FOR EXTRAORDINARY WRIT PURSUANT TO 102 STAT PL 100-702 §2072(a)(b);
FEDERAL RULES OF APPELLATE PROCEDURE 21(c)**

## UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

*NOTE: All documents filed in this matter must be identified by both
adversary and bankruptcy case numbers, case chapter and judge's initials.*

In re: Gladstone Junior Robinson and Nailah Femi Bourne      Bankruptcy Case No.: 1-24-43006-nhl

Gladstone Robinson Jr
Nailah Femi Bourne

Plaintiff(s),

-against-      Adversary Proceeding No. 1-24-01093-nhl

Judge Erik R. Komitee
Magistrate Judge Cheryl L. Pollak
Brenna B. Clerk of Court Mahoney,

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint, which is attached to this summons, to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk: |
|---|
| **United States Bankruptcy Court**<br>**271-C Cadman Plaza East, Suite 1595**<br>**Brooklyn, NY 11201-1800** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
|---|
| **Gladstone Robinson Jr**<br><br>**Gladstone Robinson Jr**<br>**c/o Vigo Notary**<br>**180 Broad Street, Ste 308**<br>**Staten Island, NY 10304** |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Location:<br>United States Bankruptcy Court, 271-C Cadman Plaza East, Courtroom 3577 - 3rd Floor, Brooklyn, NY 11201-1800 | Date and Time:<br>November 7, 2024 at 03:30 PM |
|---|---|

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT, AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: September 23, 2024      Robert A. Gavin, Jr., Clerk of the Court

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:
**NAILAH FEMI BOURNE and GLADSTONE**
**JUNIOR ROBINSON**

          **Debtor's Estates,**

------------------------------------------------x

Gladstone Robinson Jr,
Nailah Femi Bourne

               Plaintiffs,


          -against-


Judge Erik R. Komitee,
Magistrate Judge Cheryl L. Pollak,
Brenna B. Mahoney, Clerk of Court
               Defendants,

------------------------------------------------x

~~Bankruptcy Case No. 23-43211-nhl~~
Bankruptcy Case No. 24-43006-nhl
Adv. Pro. No. 24-01083

---

### Notice Of Petition Of Claim And Petition Of Claim For Automatic Stay Violations Pursuant To Public Law 95-598; 11 U.S.C. §362

---

**TO**: All Parties and Attorneys of Record, Notice To Principle Is Notice To Agent; Notice To Agent Is Notice To Principle:

**PLEASE TAKE NOTICE** that upon the accompanying Petition Of Claim For Automatic Stay Violations Pursuant To Public Law 95-598; 11 U.S.C. §362 of Gladstone Robinson Jr and Nailah Femi Bourne, By Special Restricted Visitation, the undersigned will move this Court, located at 271-C Cadman Plaza East Suite 1595 Brooklyn, NY 11201-1800, ~~on October 23th, 2024 at 11:00 am, or as soon before or thereafter~~ as counsel may be heard, for a Petition pursuant to Public Law 95-598, Codified as Statutory, Administrative Code, 11 U.S.C. §362, and for such other and further relief as the Court deems lawful, legal, just and proper.

---

### TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Introduction | Page 2 |
| II. | Statement of Claim | Page 3 |
| III. | Factual Affirmations | Page 4 |
| IV. | Legal Basis and Judicial Precedent For Claim | Page 5-7 |
| V. | Statement for Relief Requested And Required | Page 4 |
| VI. | Affirmation of Gladstone Robinson Jr | Page 8 |
| VII. | Certification of Service | Page 9 |

## I. INTRODUCTION

1. This claim is brought by <u>Gladstone Robinson Jr and Natlah Femi Bourne</u> (hereinafter "Claimants"), pursuant to Public Law 95-598, codified under 11 U.S.C. § 362, which imposes an automatic stay protecting the Debtors Estates upon the filing of a Bankruptcy Petition.

2. Claimants bring this action before the United States Bankruptcy Court for the Eastern District of New York against Defendants Judge Erik R. Komitee (hereinafter "ERK"), Magistrate Judge Cheryl L. Pollak (hereinafter "CLP"), and Brenna B. Mahoney, Clerk of Court (hereinafter "BBM"), of the United States District Court for the Eastern District of New York, for willful and egregious violations of the automatic stay under 11 U.S.C. § 362; and/or incompetence.

3. The Defendants named herein have willfully and egregiously violated the automatic stay imposed pursuant to Public Law 95-598, codified under 11 U.S.C. § 362 by continuing judicial and clerical actions despite the protection afforded to Claimants under the Public Law; and the Bankruptcy Code during the automatic stay of ~~Bankruptcy Case No. 23-43211-nhl and~~ Bankruptcy Case No. **24-43006-nhl**.

4. Claimants seek relief for damages by Defendants' violations of this claim, and require an evidentiary hearing to present the facts and merits of this claim, and requests a declaratory judgment for compensatory damages of $1,000.00 per violation pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 7001(1) and (9), injunctive relief under FRBP 7001(7), and a determination on a removed state court action under FRBP 7001(10), as detailed below.

## II. STATEMENT OF CLAIM

This claim arises under Public Law 95-598, §362, codified as 11 U.S.C. §362, concerning incompetence or willful and egregious violations of the automatic stay by ERK, CLP, and BBM. The Claimants assert that the Defendants violated the automatic stay provision in bankruptcy proceedings by taking actions on ~~September 22, 2023; October 13, 2023~~; July 31, 2024; July 22, 2024; August 2, 2024; August 5, 2024; August 14, 2024; and that Defendants interfered with the rights and protections afforded by the automatic stay. These actions were conducted outside of their judicial immunity, making them liable for damages.

## III. FACTUAL AFFIRMATIONS

1. **Bankruptcy Filing:** On 09/07/2023, the Petitioners/Debtors In Possession, Voluntarily petitioned for bankruptcy per Chapter 7, triggering the automatic stay under 11 U.S.C. §362; and received a discharge on 04/15/2024;

2. **Bankruptcy Filing:** On 07/21/2024, the Petitioners/Debtors In Possession, Voluntarily petitioned for bankruptcy under Chapter 7, triggering the automatic stay under 11 U.S.C. §362, for cause per FRBP 7001(2) challenging the validity of any statutory liens associated with private property of the Estates.

3. **Violations Expressed Via Civil Docket For Case #1-23-cv-02245-EK-CLP Attached:**
   - First Violation, September 22, 2023 page 6 of 10, Docket Entry 41;
   - Second Violation, October 13, 2023 page 6 and 7 of 10, Docket Entry Excluded;
   - Third Violation, October 13, 2023 page 7 of 10, Docket Entry Excluded;
   - Fourth Violation, October 13, 2023 page 7 of 10, Docket Entry Excluded;
   - 1 • Fifth Violation, July 22, 2024 page 9 of 10, Docket Entry Excluded;
   - 2 • Sixth Violation, July 31, 2024 page 9 of 10, Docket Entry 70;
   - 3 • Seventh Violation, July 31, 2024 page 9 of 10, Docket Entry 71;
   - 4 • Eighth Violation, July 31, 2024 page 9 of 10, Docket Entry 72;
   - 5 • Ninth Violation, July 31, 2024 page 9 of 10, Docket Entry 73;
   - 6 • Tenth Violation, July 31, 2024 page 9 of 10, Docket Entry 74;
   - 7 • Eleventh Violation, July 31, 2024 page 9 of 10, Docket Entry 75;
   - 8 • Twelfth Violation, July 31, 2024 page 9 of 10, Docket Entry 76;
   - 9 • Thirteenth Violation, July 31, 2024 page 9 of 10, Docket Entry 77;
   - 10 • Sixteenth Violation, August 2, 2024 page 10 of 10, Docket Entry Excluded;
   - 11 • Seventeenth Violation, August 5, 2024 page 10 of 10, Docket Entry Excluded;
   - 12 • Eighteenth Violation, August 14, 2024 page 10 of 10, Docket Entry Excluded,

4. **Knowledge of Automatic Stay:** The Claimant's Bankruptcy Petitions were properly filed, invoking the both automatic stays per 11 U.S.C. §362(a), which halts the commencement or continuation of judicial and administrative actions against the Debtors Estates.

5. **Defendants' Actions:** Despite the protections afforded by the automatic stay, the Defendants proceeded with actions that negatively affected the Claimant's legal and financial status; These actions disregarded the authority of the automatic stays, causing significant harm to the Claimants.

6. **Pattern of Conduct:** These violations were not isolated incidents but reflect a deliberate pattern of conduct showing incompetence; and willful disregard for the automatic stays and the legal rights of the Claimants.

7. **Judicial Immunity Does Not Apply:** Judicial immunity does not extend to actions taken in violation of the automatic stay; In re *Kalb v. Feuerstein*, 308 U.S. 433 (1940), the U.S. Supreme Court held that judicial actions in violation of the stay are void ab initio. Other courts, such as In re *Ramirez*, 183 B.R. 583 (B.A.P. 9th Cir. 1995), and In re *McConnie*

3

*Navarro*, 464 B.R. 181 (Bankr. D.P.R. 2011), have similarly held that judges lose their immunity when they willfully violate the automatic stay.

8. **Violation of the Automatic Stay:** On the specified dates—September 22, 2023; October 13, 2023; July 31, 2024; July 22, 2024; August 2, 2024; August 5, 2024; August 14, 2024—the Defendants engaged in actions that violated the automatic stay per §362 of the Bankruptcy Code; These actions directly interfered with the Claimant's legal protections under the stay[s] and contributed to damages suffered by the Claimants; The actions were of incompetence or willful, as the Defendants should have been aware of the stay in effect but disregarded it, thereby making them incompetent or willfully and egregiously liable for damages.

---

## IV.  LEGAL BASIS AND JUDICIAL PRECEDENT FOR CLAIM

1. **Section 362(a)** of the Bankruptcy Code imposes an automatic stay that prohibits creditors, governmental entities, and other parties from taking any action to collect a debt, enforce a judgment, or take possession of property of the estate.

2. **Under 11 U.S.C. § 362(k),** any individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and may recover punitive damages in appropriate circumstances.

3. In re *Snowden, 769 F.3d 651* (9th Cir. 2014) - The debtor sought damages after a state court failed to properly recognize the automatic stay. The court found the stay violation to be willful. **Monetary Damages:** $100,000 in compensatory and punitive damages.

4. In re *Ozenne*, 337 F.3d 1090 (9th Cir. 2003) - A bankruptcy court addressed violations by administrative agencies continuing actions post-bankruptcy. A judgment of $18,000 in punitive damages was awarded to the debtor for a willful violation. **Damages**: $18,000 in punitive damages, and the case was remanded for additional compensatory damages determination.

5. In re *Gagliardi, 290 B.R. 808* (Bankr. D. Colo. 2003) - The case involved a willful violation of the automatic stay by a local court that failed to dismiss proceedings after a bankruptcy filing. The bankruptcy court ruled in favor of the debtor and awarded compensatory damages. Monetary Damages: $10,000 in actual damages.

6. In re *Banks*, 577 B.R. 659 (Bankr. S.D.N.Y. 2017) - An administrative order for wage garnishment issued post-bankruptcy was found to violate the stay. The court awarded $10,000 in actual damages, $2,000 in attorney's fees, and $5,000 in punitive damages.

7. In re *B. Cohen & Sons Caterers, Inc., 108 B.R. 482* (E.D. Pa. 1989) - The court imposed damages for violation of the automatic stay, noting that violations, even by non-traditional creditors like government entities, can lead to sanctions. **Monetary Damages**: Significant fines imposed for stay violations.

8. In re *Vu*, 591 B.R. 596 (Bankr. E.D.N.Y. 2018) - A state court judge improperly allowed a foreclosure sale to proceed during the automatic stay. The bankruptcy court ruled the

judge's actions violated the automatic stay. **Damages**: $15,000 in punitive damages and $5,000 in compensatory damages were awarded.

9. In re *Central Virginia Community College v. Katz*, 546 U.S. 356 (2006) - This case dealt with sovereign immunity in bankruptcy proceedings and the automatic stay's effect on state actions. The Court ruled that states do not have sovereign immunity from certain bankruptcy proceedings, which effectively supports automatic stay provisions

10. In re *Fogarty* (2022, 2nd Cir.) – The Second Circuit ruled that a foreclosure sale of property, despite the debtor having only a possessory interest, was a willful violation of the automatic stay. The court upheld substantial damages against the creditor, demonstrating the broad protection afforded to debtors under the automatic stay

11. In re *Knaus* (8th Cir. 2007) – The Eighth Circuit awarded significant punitive damages of $10,000 due to a willful stay violation by a government entity

12. In re *Hunsaker v. United States* (2018, 9th Circuit) – In this case, the IRS repeatedly violated the automatic stay by continuing its collection efforts after the debtor filed for bankruptcy. The bankruptcy court awarded emotional distress damages totaling $4,000, which were affirmed by the appellate court

13. In re *Crawford* (Bankr. S.D. Ala. 2014) – The debtor successfully sued for violations of the automatic stay. The court awarded damages for attorney fees and emotional distress, totaling $1,000, recognizing the burden on the debtor

14. In re *Pa. State Employees Credit Union*, 710 F.2d 76 (3d Cir. 1983) (holding that judicial immunity does not protect against willful violations of the automatic stay); In re *McHenry*, 179 B.R. 165 (B.A.P. 9th Cir. 1995). Judges and court officials do not have absolute immunity for actions taken in violation of the automatic stay.

15. In re *Kalb v. Feuerstein*, establishes that judges may lose their judicial immunity when they act outside their judicial capacity and knowingly violate bankruptcy protections. The Claimants assert that the Defendants' actions meet these criteria and that they are liable for the violations; The actions taken by the Defendants constitute willful violations of the automatic stay, which is a fundamental protection afforded by 11 U.S.C. § 362.

16. **Judicial Immunity Does Not Apply**: The Defendants are not protected by judicial immunity in this context. The United States Supreme Court has held that judicial immunity does not apply where judges act outside their jurisdiction or in violation of constitutional or statutory rights. In re *Pulliam v. Allen*, 466 U.S. 522 (1984), the Court established that judicial immunity does not protect a judge in cases of willful misconduct, including violations of the automatic stay. Similarly, in In re *Johnson*, 501 F.3d 1163 (10th Cir. 2007), the court found that willful violations of the stay are not immune from judicial sanction; The automatic stay voids any actions taken by judges or court officials in violation of it. As set forth In re *Kalb v. Feuerstein*, judicial immunity does not apply to such violations, and the actions of Defendants are therefore not protected.

## V.  STATEMENT FOR RELIEF REQUESTED AND REQUIRED

1. **Evidentiary Hearing:** The Claimants request an evidentiary hearing on the facts and merits of the violations committed by the Defendants; The hearing is necessary to substantiate the incompetence or willful and egregious nature of the Defendants' violations during the automatic stays.

2. **Declaratory Judgment:** The Claimants seek a declaratory judgment in the amount of $1,000.00 for each violation of the automatic stay for, pursuant to FRBP 7001(1) and (9), and other case law and federal laws, for a total of ~~$18,000.00;~~ 13,000 USD

3. **Actual and Punitive Damages:** In accordance with 11 U.S.C. § 362(k), Claimants seek recovery of actual damages sustained as a result of Defendants' violations, including legal fees and costs; In addition, Claimants seek punitive damages for the incompetence or willful and egregious nature of Defendants' conduct.

4. **Injunctive Relief:** The Claimants request injunctive relief under FRBP 7001(7), to prevent the Defendants from committing further violations of the automatic stay; The Defendants' past conduct shows a pattern of disregard for the stay, and injunctive relief is necessary to protect the Claimant's unalienable protected rights in any future proceedings; Any further enforcement actions against Claimants or Claimant's property during the pendency of the bankruptcy cases, further interferes with Claimant's unalienable protected rights under the automatic stay.

5. **Determination on Removed State Court Action:** The Claimants request a determination on a state court action under FRBP 7001(10), related to the violations of the automatic stay on the specified dates; Pursuant to Fed. R. Bankr. P. 7001(10), Claimants request that this Court make a determination regarding the state court action; Claimants further request, under FRBP 7001(10), that this Court make a determination on the state court actions improperly pursued post-petitions. The Defendants' role in advancing that state court action after the bankruptcy filings represent a continued violation of the stay, warranting sanctions and nullification of any actions taken; and requests that such actions be declared void ab initio.

## VI.  AFFIRMATION OF GLADSTONE ROBINSON JR

I, Gladstone Robinson Jr, affirm under GOD that the information contained in this **Notice of Petition of Claim and Petition Of Claim For Automatic Stay Violations Pursuant To Public Law 95-598; 11 U.S.C. §362**, is accurate and based on my review of the case documents and applicable legal standards and First Hand Knowledge.

I, Gladstone Robinson Jr, further affirm, that I have standing as Debtor In Possession; Counsel; Attorney-In-Fact; Fiduciary; Executor; Party In Interest, for and of the Estates of NAILAH FEMI BOURNE or any derivative of the name; and GLADSTONE JUNIOR ROBINSON or any derivative of the name, Pursuant to **Rule 17(a)** of the **Federal Rules of Civil Procedure** and

6

New York General Obligations Law § 5-1501 and per IRS Form 56 (OMB No. 1545-0013) and per IRS Form 2848 (OMB No. 1545-0150) and **In re Bronson**, **68 N.Y.2d 880 (1986)** and **Matter of Estate of Ferrara, 7 N.Y.3d 244 (2006)** and **Hollingsworth v. Perry, 570 U.S. 693 (2013)** and **Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)** and **U.S. v. Windsor, 570 U.S. 744 (2013)** and **Sprint Communications, Inc. v. APCC Services, Inc., 554 U.S. 269 (2008)** and **Kowalski v. Tesmer, 543 U.S. 125 (2004)** and **Tatum v. R.J. Reynolds Tobacco Co., 509 F.3d 1225 (11th Cir. 2007)** and **Matter of Newcomb, 192 N.Y. 238 (1908)** and **Bennett v. Spear, 520 U.S. 154 (1997)** and **Spokeo, Inc. v. Robins, 578 U.S. 330 (2016)**.

Dated: September 23rd 2024

By: _____

## VII. CERTIFICATION OF SERVICE

I, Gladstone Robinson Jr, hereby certify that on September 23rd 2024, I caused the foregoing **Notice of Petition of Claim and Petition Of Claim For Automatic Stay Violations Pursuant To Public Law 95-598: 11 U.S.C. §362**, to be served upon all counsel of record and interested parties via electronic filing (ECF); and/or U.S. Mail, as required by Federal Rules of Bankruptcy Procedure, Rule 7004.

Dated: September 23rd 2024        By: _____

Name: Gladstone Robinson Jr

Debtor In Possession; Counsel; Attorney-In-Fact; Fiduciary; Executor; Party-In-Interest

%
VIGO NOTARY
180 BROAD STREET, STE 308
STATEN ISLAND, NEW YORK 10304
929-428-9981
TeachingPRNCPLS@gmail.com

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

*NOTE: All documents filed in this matter must be identified by both
adversary and bankruptcy case numbers, case chapter and judge's initials.*

In re: Nailah Bourne and Gladstone Junior Robinson

Bankruptcy Case No.: 1-23-43211-nhl

Gladstone Robinson Jr
Nailah Femi Bourne

Plaintiff(s),

—against—

Adversary Proceeding No. 1-24-01094-nhl

Judge Erik R. Komitee
Magistrate Judge Cheryl L. Pollak
Breanna B. Mahoney, Clerk of Court

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint, which is attached to this summons, to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk: |
|---|
| **United States Bankruptcy Court**<br>**271–C Cadman Plaza East, Suite 1595**<br>**Brooklyn, NY 11201–1800** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
|---|
| **Gladstone Robinson Jr**<br>**Gladstone Robinson Jr**<br>**c/o Vigo Notary, 180 Broad Street**<br>**Ste 308**<br>**Staten Island, NY 10304** |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Location:<br>United States Bankruptcy Court, 271–C Cadman Plaza East, Courtroom 3577 – 3rd Floor, Brooklyn, NY 11201–1800 | Date and Time:<br>December 12, 2024 at 02:30 PM |
|---|---|

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT, AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: September 27, 2024                    Robert A. Gavin, Jr., Clerk of the Court

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                                    Bankruptcy Case No. 23-43211-nhl
**NAILAH FEMI BOURNE and GLADSTONE**
**JUNIOR ROBINSON**                                       Adv. Pro. No. 24-01094
                    **Debtor's Estates,**
----------------------------------------------------x
Gladstone Robinson Jr,
Nailah Femi Bourne

                    Plaintiffs,

           -against-

Judge Erik R. Komitee,
Magistrate Judge Cheryl L. Pollak,
Brenna B. Mahoney, Clerk of Court
                    Defendants,
----------------------------------------------------x

## Notice Of Petition Of Claim And Petition Of Claim For Automatic Stay Violations Pursuant To Public Law 95-598; 11 U.S.C. §362

**TO**: All Parties and Attorneys of Record, Notice To Principle Is Notice To Agent; Notice To Agent Is Notice To Principle:

**PLEASE TAKE NOTICE** that upon the accompanying Petition Of Claim For Automatic Stay Violations Pursuant To Public Law 95-598; 11 U.S.C. §362 of Gladstone Robinson Jr and Nailah Femi Bourne, By Special Restricted Visitation, the undersigned will move this Court, located at 271-C Cadman Plaza East Suite 1595 Brooklyn, NY 11201-1800, as counsel may be heard, for a Petition pursuant to Public Law 95-598, Codified as Statutory, Administrative Code, 11 U.S.C. §362, and for such other and further relief as the Court deems lawful, legal, just and proper.

### TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Introduction | Page 2 |
| II. | Statement of Claim | Page 2 |
| III. | Factual Affirmations | Page 3 |
| IV. | Legal Basis and Judicial Precedent For Claim | Page 4-5 |
| V. | Statement for Relief Requested And Required | Page 6 |
| VI. | Affirmation of Gladstone Robinson Jr | Page 6-7 |
| VII. | Certification of Service | Page 7 |

## I. INTRODUCTION

1. This claim is brought by <u>Gladstone Robinson Jr and Nailah Femi Bourne</u> (hereinafter "Claimants"), pursuant to Public Law 95-598 §362, codified under 11 U.S.C. §362, which imposes an automatic stay protecting the Debtors Estates upon the filing of a Bankruptcy Petition.

2. Claimants bring this action before the United States Bankruptcy Court for the Eastern District of New York against Defendants Judge Erik R. Komitee (hereinafter "ERK"), Magistrate Judge Cheryl L. Pollak (hereinafter "CLP"), and Brenna B. Mahoney, Clerk of Court (hereinafter "BBM"), of the United States District Court for the Eastern District of New York, for willful and egregious violations of the automatic stay under 11 U.S.C. § 362; and/or incompetence.

3. The Defendants named herein have willfully and egregiously violated the automatic stay imposed pursuant to Public Law 95-598 §362, codified under 11 U.S.C. § 362 by continuing judicial and clerical actions despite the protection afforded to Claimants under the Public Law; and the Bankruptcy Code during the automatic stay of Bankruptcy Case No. **23-43211-nhl**.

4. Claimants seek relief for damages by Defendants' violations of the automatic stay, require an evidentiary hearing to present the facts and merits of this claim, and requests a declaratory judgment for compensatory damages of $1,000.00 per violation pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 7001(1) and (9), injunctive relief under FRBP 7001(7), as detailed below.

## II. STATEMENT OF CLAIM

This claim arises under Public Law 95-598 §362, codified as 11 U.S.C. §362, concerning incompetence or willful and egregious violations of the automatic stay by ERK, CLP, and BBM. The Claimants assert that the Defendants violated the automatic stay provision in bankruptcy proceedings by taking actions on September 22, 2023 and October 13,2023; and that Defendants interfered with the rights and protections afforded by the automatic stay. These actions were conducted outside of their judicial immunity, making them liable for damages.

### III.   FACTUAL AFFIRMATIONS

1. **Bankruptcy Filing:** On 09/07/2023, the Petitioners/Debtors In Possession, Voluntarily petitioned for bankruptcy under Chapter 7, triggering the automatic stay under 11 U.S.C. §362, and received a discharge on 04/15/2024.

2. **Violations Expressed Via Civil Docket For Case #1-23-cv-02245-EK-CLP Attached:**

   - First Violation, September 22, 2023 page 6 of 10, Docket Entry 41;
   - Second Violation, October 13, 2023 page 6 and 7 of 10, Docket Entry No. Excluded;
   - Third Violation, October 13, 2023 page 7 of 10, Docket Entry No. Excluded;
   - Fourth Violation, October 13, 2023 page 7 of 10, Docket Entry No. Excluded.

3. **Knowledge of Automatic Stay:** The Claimant's Bankruptcy Petitions were properly filed, invoking the both automatic stays per 11 U.S.C. §362(a), which halts the commencement or continuation of judicial and administrative actions against the Debtors Estates.

4. **Defendants' Actions:** Despite the protections afforded by the automatic stay, the Defendants proceeded with actions that negatively affected the Claimant's legal and financial status; These actions disregarded the authority of the automatic stays, causing significant harm to the Claimants.

5. **Pattern of Conduct:** These violations were not isolated incidents but reflect a deliberate pattern of conduct showing incompetence; and willful disregard for the automatic stays and the legal rights of the Claimants.

6. **Judicial Immunity Does Not Apply:** Judicial immunity does not extend to actions taken in violation of the automatic stay; In re *Kalb v. Feuerstein*, 308 U.S. 433 (1940), the U.S. Supreme Court held that judicial actions in violation of the stay are void ab initio. Other courts, such as In re *Ramirez*, 183 B.R. 583 (B.A.P. 9th Cir. 1995), and In re *McConnie Navarro*, 464 B.R. 181 (Bankr. D.P.R. 2011), have similarly held that judges lose their immunity when they willfully violate the automatic stay.

7. **Violation of the Automatic Stay:** On the specified dates—September 22, 2023 and October 13, 2023—the Defendants engaged in actions that violated the automatic stay per §362 of the Bankruptcy Code; These actions directly interfered with the Claimant's legal protections under the stay[s] and contributed to damages suffered by the Claimants; The actions were of incompetence or willful, as the Defendants should have been aware of the stay in effect but disregarded it, thereby making them incompetent or willfully and egregiously liable for damages.

## IV.   LEGAL BASIS AND JUDICIAL PRECEDENT FOR CLAIM

1. **Section 362(a)** of the Bankruptcy Code imposes an automatic stay that prohibits creditors, governmental entities, and other parties from taking any action to collect a debt, enforce a judgment, or take possession of property of the estate.

2. **Under 11 U.S.C. § 362(k)**, any individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and may recover punitive damages in appropriate circumstances.

3. In re *Snowden, 769 F.3d 651* (9th Cir. 2014) - The debtor sought damages after a state court failed to properly recognize the automatic stay. The court found the stay violation to be willful. **Monetary Damages**: $100,000 in compensatory and punitive damages.

4. In re *Ozenne*, 337 F.3d 1090 (9th Cir. 2003) - A bankruptcy court addressed violations by administrative agencies continuing actions post-bankruptcy. A judgment of $18,000 in punitive damages was awarded to the debtor for a willful violation. **Damages**: $18,000 in punitive damages, and the case was remanded for additional compensatory damages determination.

5. In re *Gagliardi, 290 B.R. 808* (Bankr. D. Colo. 2003) - The case involved a willful violation of the automatic stay by a local court that failed to dismiss proceedings after a bankruptcy filing. The bankruptcy court ruled in favor of the debtor and awarded compensatory damages. Monetary Damages: $10,000 in actual damages.

6. In re *Banks*, 577 B.R. 659 (Bankr. S.D.N.Y. 2017) - An administrative order for wage garnishment issued post-bankruptcy was found to violate the stay. The court awarded $10,000 in actual damages, $2,000 in attorney's fees, and $5,000 in punitive damages.

7. In re *B. Cohen & Sons Caterers, Inc., 108 B.R. 482* (E.D. Pa. 1989) - The court imposed damages for violation of the automatic stay, noting that violations, even by non-traditional creditors like government entities, can lead to sanctions. **Monetary Damages**: Significant fines imposed for stay violations.

8. In re *Vu*, 591 B.R. 596 (Bankr. E.D.N.Y. 2018) - A state court judge improperly allowed a foreclosure sale to proceed during the automatic stay. The bankruptcy court ruled the judge's actions violated the automatic stay. **Damages**: $15,000 in punitive damages and $5,000 in compensatory damages were awarded.

9. In re *Central Virginia Community College v. Katz*, 546 U.S. 356 (2006) - This case dealt with sovereign immunity in bankruptcy proceedings and the automatic stay's effect on state actions. The Court ruled that states do not have sovereign immunity from certain bankruptcy proceedings, which effectively supports automatic stay provisions

10. In re *Fogarty* (2022, 2nd Cir.) – The Second Circuit ruled that a foreclosure sale of property, despite the debtor having only a possessory interest, was a willful violation of the automatic stay. The court upheld substantial damages against the creditor, demonstrating the broad protection afforded to debtors under the automatic stay.

11. In re *Knaus* (8th Cir. 2007) – The Eighth Circuit awarded significant punitive damages of $10,000 due to a willful stay violation by a government entity.

12. In re *Hunsaker v. United States* (2018, 9th Circuit) – In this case, the IRS repeatedly violated the automatic stay by continuing its collection efforts after the debtor filed for bankruptcy. The bankruptcy court awarded emotional distress damages totaling $4,000, which were affirmed by the appellate court.

13. In re *Crawford* (Bankr. S.D. Ala. 2014) – The debtor successfully sued for violations of the automatic stay. The court awarded damages for attorney fees and emotional distress, totaling $1,000, recognizing the burden on the debtor.

14. In re *Pa. State Employees Credit Union*, 710 F.2d 76 (3d Cir. 1983) (holding that judicial immunity does not protect against willful violations of the automatic stay); In re *McHenry*, 179 B.R. 165 (B.A.P. 9th Cir. 1995). Judges and court officials do not have absolute immunity for actions taken in violation of the automatic stay.

15. In re *Kalb v. Feuerstein*, establishes that judges may lose their judicial immunity when they act outside their judicial capacity and knowingly violate bankruptcy protections. The Claimants assert that the Defendants' actions meet these criteria and that they are liable for the violations; The actions taken by the Defendants constitute willful violations of the automatic stay, which is a fundamental protection afforded by 11 U.S.C. § 362.

16. **Judicial Immunity Does Not Apply**: The Defendants are not protected by judicial immunity in this context. The United States Supreme Court has held that judicial immunity does not apply where judges act outside their jurisdiction or in violation of constitutional or statutory rights. In re *Pulliam v. Allen*, 466 U.S. 522 (1984), the Court established that judicial immunity does not protect a judge in cases of willful misconduct, including violations of the automatic stay. Similarly, in In re *Johnson*, 501 F.3d 1163 (10th Cir. 2007), the court found that willful violations of the stay are not immune from judicial sanction; The automatic stay voids any actions taken by judges or court officials in violation of it. As set forth In re *Kalb v. Feuerstein*, judicial immunity does not apply to such violations, and the actions of Defendants are therefore not protected.

5

## V. STATEMENT FOR RELIEF REQUESTED AND REQUIRED

1. **Evidentiary Hearing:** The Claimants request an evidentiary hearing on the facts and merits of the violations committed by the Defendants; The hearing is necessary to substantiate the incompetence or willful and egregious nature of the Defendants' violations during the automatic stays.

2. **Declaratory Judgment:** The Claimants seek a declaratory judgment in the amount of $1,000.00 for each violation of the automatic stay for, pursuant to FRBP 7001(1) and (9), and other case law and federal laws, for a total of $4,000.00;

3. **Actual and Punitive Damages**: In accordance with 11 U.S.C. § 362(k), Claimants seek recovery of actual damages sustained as a result of Defendants' violations, including legal fees and costs; In addition, Claimants seek punitive damages for the incompetence or willful and egregious nature of Defendants' conduct.

4. **Injunctive Relief:** The Claimants request injunctive relief under FRBP 7001(7), to prevent the Defendants from committing further violations of the automatic stay; The Defendants' past conduct shows a pattern of disregard for the stay, and injunctive relief is necessary to protect the Claimant's unalienable protected rights in any future proceedings; Any further enforcement actions against Claimants or Claimant's property during the pendency of the bankruptcy cases, further interferes with Claimant's unalienable protected rights under the automatic stay.

## VI. AFFIRMATION OF GLADSTONE ROBINSON JR

I, Gladstone Robinson Jr, affirm under GOD that the information contained in this **Notice of Petition of Claim and Petition Of Claim For Automatic Stay Violations Pursuant To Public Law 95-598; 11 U.S.C. §362**, is accurate and based on my review of the case documents and applicable legal standards and First Hand Knowledge.

I, Gladstone Robinson Jr, further affirm, that I have standing as Debtor In Possession; Counsel; Attorney-In-Fact; Fiduciary; Executor; Party In Interest, for and of the Estates of NAILAH FEMI BOURNE or any derivative of the name; and GLADSTONE JUNIOR ROBINSON or any derivative of the name, Pursuant to **Rule 17(a)** of the **Federal Rules of Civil Procedure** and **New York General Obligations Law § 5-1501** and per IRS Form 56 (OMB No. 1545-0013) and per IRS Form 2848 (OMB No. 1545-0150) and **In re Bronson, 68 N.Y.2d 880 (1986)** and **Matter of Estate of Ferrara, 7 N.Y.3d 244 (2006)** and **Hollingsworth v. Perry, 570 U.S. 693 (2013)** and **Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)** and **U.S. v. Windsor, 570 U.S. 744 (2013)** and **Sprint Communications, Inc. v. APCC Services, Inc., 554 U.S. 269 (2008)** and **Kowalski v. Tesmer, 543 U.S. 125 (2004)** and **Tatum v. R.J. Reynolds Tobacco Co., 509 F.3d**

1225 (11th Cir. 2007) and **Matter of Newcomb, 192 N.Y. 238 (1908)** and **Bennett v. Spear, 520 U.S. 154 (1997)** and **Spokeo, Inc. v. Robins, 578 U.S. 330 (2016)**.

Dated: September 27, 2024

By: _Gladstone : Robinson Jr_

---

### VII. CERTIFICATION OF SERVICE

I, Gladstone Robinson Jr, hereby certify that on September 27, 2024 , I caused the foregoing **Notice of Petition of Claim and Petition Of Claim For Automatic Stay Violations Pursuant To Public Law 95-598; 11 U.S.C. §362**, to be served upon all counsel of record and interested parties via electronic filing (ECF); and/or U.S. Mail, as required by Federal Rules of Bankruptcy Procedure, Rule 7004.

Dated: September 27, 2024                    By: _Gladstone : Robinson Jr_

Name: Gladstone Robinson Jr

Debtor In Possession; Counsel; Attorney-In-Fact; Fiduciary; Executor; Party-In-Interest

%
VIGO NOTARY
180 BROAD STREET, STE 308
STATEN ISLAND, NEW YORK 10304
929-428-9981
TeachingPRNCPLS@gmail.com

---

# EXHIBIT 4

IN RE:

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, PETITION FOR EXTRAORDINARY WRIT PURSUANT TO 102 STAT PL 100-702 §2072(a)(b): FEDERAL RULES OF APPELLATE PROCEDURE 21(c)**

The mandamus petition
contains pages that were not scanned,
as per The Judicial Conduct and Disability Act,
28 U.S.C. §§ 351–364.

CLOSED,DJI,NPROSE

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:23–cv–08986–EK–CLP

Robinson Jr et al v. New York City Police Department et al
Assigned to: Judge Eric R. Komitee
Referred to: Magistrate Judge Cheryl L. Pollak
other Case: 1:23–cv–02245–EK–CLP
related Cases: 1:25–cv–01033–EK
              1:24–cv–07062–EK
Cause: 28:1441 Petition for Removal– Civil Rights Act

Date Filed: 12/06/2023
Date Terminated: 02/06/2024
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Gladstone Robinson Jr.**

**Plaintiff**

**Nailah Femi Bourne**

represented by  **Nailah Femi Bourne**
125 Beverly Avenue
Staten Island, NY 10301
PRO SE

V.

**Defendant**

**New York City Police Department**

**Defendant**

**The City of New York**

**Defendant**

**Richmond County District Attorney's Office**

**Defendant**

**New York State Unified Courts System**

**Defendant**

**NYC Sheriff**

**Defendant**

**NYC Department of Finace**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/05/2023 | 2 | MOTION for Leave to Proceed in forma pauperis by Gladestone Robinson Jr. (Entered: 12/07/2023) |
| 12/06/2023 | 1 | COMPLAINT against NYC Department of Finace, NYC Sheriff, New York State Unified Courts System, New York City Police Department, Richmond County District Attorney's Office, Gladestone Robinson Jr, The City of New York, filed by Nailah Femi Bourne. (Attachments: # 1 Civil Cover Sheet) (CV) (Entered: 12/07/2023) |
| 12/06/2023 | 3 | Clerk's Notice Re: Consent. A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings |

| | | in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.The form may also be accessed at the following link: https://img.nyed.uscourts.gov/files/forms/MJConsentForm.pdf (CV) (Entered: 12/07/2023) |
|---|---|---|
| 01/05/2024 | 4 | EXHIBITS 1–6 filed by Pro Se Plaintiff Gladstone Robinson Jr. (ENE) (Entered: 01/08/2024) |
| 02/05/2024 | 5 | ATTESTATION of Service, filed by Gladstone Robinson Jr. (ENE) (Entered: 02/05/2024) |
| 02/06/2024 | | ORDER denying 2 Motion for Leave to Proceed in forma pauperis; Order of Remand to Richmond County Criminal Court, case number CASE NO. CR–003049–23RI: CASE NO. CR–0Q6821–23RI: CASE NO. CR–006807–23RI –– The Clerk of Court is directed to mail a copy of this order to Defendant, noting service on the docket. Because removal of this action is improper, the Court remands this action, under 28 U.S.C. § 1455(b)(4), to the Richmond County Criminal Court. The Clerk of Court is further directed to mail a copy of this order to the clerk of the Richmond County Criminal Court at 26 Central Ave., Staten Island, NY 10301, and to close this action. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). Ordered by Judge Eric R. Komitee on 2/6/2024. (APJ) (Entered: 02/06/2024) |
| 03/29/2024 | 6 | EXHIBIT 1–2 by Gladstone Robinson Jr. (ENE) (Entered: 03/29/2024) |